IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD ALLAN WATTS                                                                                    PLAINTIFF

v.                                              Civil No. 2:25-CV-02110-TLB

UNITED STATES COURTS and                                                                          DEFENDANTS
THE DEPARTMENT OF JUSTICE
OFFICE OF THE INSPECTOR GENERAL

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 3). Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen all Complaints in which a Plaintiff seeks to proceed IFP prior to service.

## I.    BACKGROUND

Plaintiff filed his Complaint on September 16, 2025, alleging breach of contract; negligence; solicitation to commit a crime of violence pursuant to 18 U.S.C. § 373(c); dereliction of duty in a federal disaster zone, fraud by wire, radio, or television pursuant to 18 U.S.C. § 1343; kidnapping; and fraudulent claims for payment pursuant to 31 U.S.C. § 3729. (ECF No. 2, p. 3). Plaintiff provides the following summary of his case:

> In July 2020, the Department of Justice of the Inspector General agreed to investigate the Department of Justice Civil Division, the Department of Justice Professional Responsibility, and other parties related to offenses including 18 USC § 373(c), Dereliction of Duty in a Federal Disaster Zone, 18 U.S.C. § 1343, kidnapping, and 31 USC § 3729. The Department of Justice Office of the Inspector

1

> General has refused to honor their obligation and thus become liable for the offenses. Since June 9, 2021, Edward Allan Watts has filed litigation which requires action by the United States Courts and the Department of Justice Office of the Inspector General, but both parties have committed breach of contract and ongoing negligence.

(*Id*. at p. 4).

Attached to his Complaint is a letter dated September 29, 2020, from the Department of Justice, Office of the Inspector General confirming receipt of and thanking Plaintiff for his recent correspondence. (ECF No. 2-1). There is, however, no information regarding the contents of said correspondence.

Plaintiff contends he is being held "hostage and suffering an indefinite pattern of sadistic crimes by government personnel" employed by the defendants. (ECF No. 2, p. 4). He seeks an order directing the Department of Justice and the Inspector General to behave lawfully or openly take responsibility for the crimes they agreed to investigate but then refused. (*Id*.).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if

it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

It is impossible to discern any specific cognizable claims in the Plaintiff's Complaint as he provides only vague and conclusory allegations of breach of contract, dereliction of duty, fraud, and kidnapping perpetrated by the defendants. *See Du Bois v. Bd. of Regents of U. of Minnesota*, 987 F.3d 1199, 1205 (8th Cir. 2021) ("conclusory allegations and threadbare recitals of the elements of a cause of action" cannot state a plausible claim) (cleaned up); *Northwest Title and Escrow Corp. v. Edina Realty, Inc.*, Civ. No. 3-93-436, 1993 WL 593995, *1 (D. Minn. Dec. 11, 1993) (general allegations of conspiracy, without a statement of the facts constituting the conspiracy, its objects, and accomplishment are inadequate to state a cause of action; merely invoking buzz words will not suffice); *Martin*, 780 F.2d at 1337 (even a *pro se* plaintiff must still allege specific facts sufficient to support a claim). Plaintiff's Complaint is devoid of any specific factual allegations indicating actions or inactions by specific government actors, as well as how those facts relate to any of the statutes or law the Plaintiff has cited. Further, nothing in the

3

Complaint provides the Court with sufficient specific factual information to infer any cognizable claims.

## IV.    CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiffs' Complaint be DISMISSED WITHOUT PREJUDICE.  It is further RECOMMENDED that Plaintiffs' Motions to Proceed IFP be DISMISSED as MOOT.  Finally, it is RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of October 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE